[Civ. No. 49263. Second Dist., Div. Four. Nov. 2, 1976.]

DALLAS-FORT WORTH REGIONAL AIRPORT
BOARD, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
NINA G. ANDERTON, Real Party in Interest.

### COUNSEL

Monteleone & McCrory, G. Robert Hale and William J. Ingalsbe for Petitioner.

No appearance for Respondent.

Cox, Castle, Nicholson & Weekes and James P. Watson for Real Party in Interest.

### OPINION

**KINGSLEY, J.**—In 1972, petitioner board, a Texas corporation, entered into a contract with General Automated Systems of Texas, Inc. (Gastex), a California corporation, for the construction of an airport parking control system. That contract was entered into in Texas and was to be performed there. Gastex secured performance bonds from Agricultural Insurance Company (now known as American Empire Insurance Company (AmEmp). AmEmp was located in California. AmEmp secured indemnity agreements from various residents of California, among whom was the real party in interest here, Nina Anderton. Gastex defaulted on its contract, with the result that AmEmp allegedly owes petitioner a large sum of money. AmEmp has sued the California indemnitors, including Anderton, to recover on their indemnity agree-

ments. Anderton has cross-complained against petitioner, for declaratory relief, on the ground that Gastex, and therefore AmEmp, and therefore Anderton were released from obligation to petitioner because, after Gastex had defaulted, petitioner, instead of constructing the facilities by itself or through another contractor, had abandoned the scheme contemplated by the contract with Gastex and had substituted a different scheme for parking control. Petitioner moved to vacate the service of summons on it; the trial court denied the motion; we issued our alternative writ; the matter has been briefed and argued; we direct the issuance of a peremptory writ as prayed.

■ The question in this case is whether Anderton has shown sufficient contacts by petitioner with California to justify a California court in assuming jurisdiction over it.[1] We conclude that she has not.[2]

Anderton relies on the following: petitioner entered into the bonding arrangement with AmEmp knowing that AmEmp was California based;[3] petitioner knew that AmEmp had indemnified itself by contracts with California residents; when AmEmp advanced money to Gastex in the hope of giving Gastex sufficient capital to complete the contract, AmEmp, to the knowledge of petitioner, secured an additional indemnity from Anderton; and petitioner's conduct with relation to Gastex, AmEmp, and especially its abandonment of the original contract with Gastex, were acts causing an effect on her in California.

None of those matters justify assuming jurisdiction over petitioner. Nothing adduced by Anderton shows any contact, of any sort, between petitioner and Anderton; no act by petitioner, affecting Anderton, took place in California; the only possible effect on Anderton lies in the fact that she is a California resident. The mere fact that acts done outside California impose an economic burden on a California resident is not enough to sustain California jurisdiction. The matters relied on by Anderton were no more than those held insufficient in *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442 [128 Cal.Rptr. 34, 546 P.2d 322].

[1]It is not here contended that, if petitioner is subject to the jurisdiction of a California court, it was not otherwise a proper party cross-defendant.

[2]Petitioner argues that some of the matters relied on by Anderton were only hearsay. Since we conclude that the matters urged by her are insufficient to sustain jurisdiction, we need not, and do not, reach the issue of the admissibility of the matters objected to.

[3]Anderton does not disclose where the bonding arrangement was entered into.

Let a peremptory writ of mandate issue, directing the superior court to vacate its order denying petitioner's motion to quash service of summons on it and to enter another and different order granting said motion.

Files, P. J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied November 16, 1976.